**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MARVIN BARRA**                                                    **PETITIONER**

**v.**                                         **CIVIL ACTION NO. 2:14cv90-KS-MTP**

**ATTORNEY GENERAL OF MISSISSIPPI**                          **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Petition of Marvin Barra for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [1],[1] and Respondent's Motion to Dismiss Pursuant to § 2244(d) [11]. Having carefully considered the submissions of the parties and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [11] be GRANTED.

### PROCEDURAL HISTORY

Petitioner Marvin Barra is a post-conviction inmate currently incarcerated at East Mississippi Correctional Facility ("EMCF"). Petitioner pled guilty to and was convicted of armed robbery in Forrest County Circuit Court, Mississippi on March 30, 2007,[2] and was sentenced to serve fifteen (15) years in the custody of the Mississippi Department of Corrections.[3] At the time of Petitioner's plea, the state of Mississippi allowed an appeal from a guilty plea within thirty (30) days on grounds of an illegal sentence. *See, e.g. Burns v. State*, 344 So. 2d 1189 (Miss. 1977).[4]

---

[1]The instant Petition was originally filed in the United States District Court for the Eastern District of Louisiana, and was transferred to this Court by written order on June 16, 2014. *See* Order [5].

[2]Order of Conviction [11-1].

[3]*Id.*

[4]This exception was eliminated by state statute in 2008. *See* Miss. Code. Ann. § 99-35-101 ("Any person convicted of an offense in a circuit court may appeal to the Supreme Court.

1

Petitioner did not seek such an appeal, and thus his conviction became final on April 29, 2007, thirty days after his guilty plea.

On November 30, 2009, Diane Brooks, on behalf of Marvin Barra, filed a Petition for Writ of Habeas Corpus under Section 2254 in the Forrest County Circuit Court, requesting that the Court reconsider its decision and reduce Petitioner's sentence.[5] The circuit court denied the petition on December 23, 2009 by written order, stating that it lacked jurisdiction.[6] Petitioner next filed a Motion to Modify or Mitigate Sentence on January 12, 2010.[7] The Supreme Court denied the motion by written order on February 24, 2010, stating that the motion was in the nature of a motion for post-conviction collateral relief and therefore should have been filed in the trial court.[8] Finally, Petitioner filed a Uniform Application for Post-Conviction Relief in Forrest County Circuit Court on May 7, 2012,[9] which was dismissed by the court as untimely filed.[10]

Petitioner filed the instant petition on April 21, 2014.[11] The Respondent contends that the

_____

However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.").

[5]*See* Petition [11-4] at 5.

[6]*See* Order [11-4] at 9.

[7]*See* Motion to Modify [11-2].

[8]*See* Order [11-3].

[9]*See* Uniform Application for Post-Conviction Relief [11-4] at 1.

[10]*See* Order [1] at 26.

[11]*See* Petition [1] at 1. Normally, the mailbox rule applies to the date of filing prisoner petitions. Under the mailbox rule, a *pro se* federal habeas petition is deemed filed on the date he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). In the instant case, Petitioner did not sign or date his filing. The Petition was stamped filed on April 21, 2014, thus the undersigned will examine the

petition was not timely filed and that it should be dismissed.

## ANALYSIS

Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a one-year period of limitations applies to an application for a writ of habeas corpus, to run from the latest of: (A) the date on which the judgment became final; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or United States law is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made applicable retroactively; or (D) the date on which the factual predicate of the claims presented could have been discovered through the exercise of "due diligence." 28 U.S.C. § 2244 (d)(1).

The time for filing a federal habeas petition can be extended by the application of either statutory or equitable tolling. Whether statutory tolling occurred during the period between the judgment becoming final on April 29, 2007, and Petitioner's filing of the federal petition for habeas corpus on April 21, 2014, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending. The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v.*

timeliness of the instant Petition based on that date.

*Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999).

This period of limitations set forth in Section 2244(d) bars federal habeas review unless the prisoner can demonstrate (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that the court's "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Calderon v. Thompson*, 523 U.S. 538, 558 (1998) (noting that these exceptions survived the passage of the Section 2244(d)). The "fundamental miscarriage of justice" exception is applicable only to the severely confined category of actual-innocence, where prisoners must demonstrate that new evidence "shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]." *McQuiggin v. Perkin*, 133 S. Ct. 1924, 1927 (2013) (citing *Schlup v. Delo*, 513 U.S. 2298, 329 (1995)).

In this case, Petitioner has failed to file his habeas petition within the time period allotted in Section 2244(d)(1). As stated above, Petitioner's conviction for armed robbery became final on April 29, 2007, thirty days after his guilty plea. Accordingly, the deadline for filing a timely petition would have been April 29, 2008. Petitioner filed the instant petition on April 21, 2014, nearly six years beyond the AEDPA deadline. Moreover,  Petitioner is not entitled to statutory tolling for the span of time his claims were considered in state court.[12] Even if Petitioner's earliest state filing were

---

[12]Section 2244(d)(2) provides that the time during which a "properly filed" application awaits post-conviction or collateral review in State court is not counted toward the limitation period.

somehow construed as a properly filed application for post-conviction relief,[13] it was filed on November 30, 2009, over a year beyond the one-year limitations period provided by Section 2244(d).

Likewise, Petitioner is not entitled to equitable tolling. As outlined above, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis,* 158 F.3d at 811. Petitioner appears to claim that any defect in his petition should be excused due to his unstable mental state.[14] While mental illness may support equitable tolling of the limitations period, it does not do so as a matter of course and the petitioner still bears the burden of proving rare and exceptional circumstances. *Smith v. Kelly*, 301 Fed. App'x 375, 378 (5th Cir. 2008) (unpublished per curiam). Unsupported, conclusory assertions of mental illness are insufficient to warrant equitable tolling. *Id*. The petitioner must show that the mental illness rendered him "unable to pursue his legal rights" during the relevant time period. *Id; see also Hulsey v. Thaler*, 421 Fed. App'x 386, 391 (5th Cir. 2011 (unpublished per curiam) (affirming district court's refusal to equitably toll limitations period based on petitioner's mental condition, where petitioner was stable and capable of filing his petition for a period of time that lasted over one year).

Here, Petitioner has provided nothing to establish that during the one-year limitations period, from April 29, 2007 to April 29, 2008, he suffered from a mental illness that prevented him from

---

[13]Petitioner filed a Writ for Habeas Corpus under Section 2254 in Forrest County Circuit Court. *See* Petition [11-4] at 5.  A federal writ of habeas corpus cannot be considered in state court, and thus the circuit court correctly explained in its written order denying the petition that it did not have jurisdiction over the case. Accordingly, Petitioner's earliest post-conviction petition was not properly filed. *See* Order [11-4] at 9.

[14]*See generally* Petition [1]. Petitioner repeatedly offers this explanation under the heading "If you did not exhaust your state remedies . . . explain why." However, in an abundance of caution, the undersigned will also consider Petitioner's claim in regard to equitable tolling.

pursuing his legal rights. As an initial matter, the arguments in the Petition are conclusory in nature, stating only that "Petitioner's mental state is unstable with long periods of instability."[15] Furthermore, while the documents attached to the Petition reflect that Petitioner was in fact institutionalized several times,[16] none of those periods took place between April 29, 2007 and April 29, 2008–the time frame in which Petitioner could have timely filed the instant petition. Thus, federal habeas review is thus barred in this case unless Petitioner can demonstrate (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that the court's "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

In regard to the first exception, beyond the claims of mental illness addressed above, Petitioner has given no cause for the delay in filing his petition. As to the second, Petitioner does not contend, nor does he present any new evidence, that he is actually innocent of the crimes for which he was convicted. Federal case law is abundantly clear that the "miscarriage of justice" exception is strictly limited to cases of actual innocence and do not reach questions of due process in any habeas claim. *Schlup*, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to the merits of a barred habeas claim."). Accordingly, because the Petition was not timely filed and does not fall under any exception to Section 2244(d), it is time barred and should dismissed with prejudice.

## RECOMMENDATION

---

[15] *See id.* at 5.

[16] *See* Client Find [1] at 33.

6

Based on the foregoing reasons, the undersigned recommends that the Respondent's Motion to Dismiss [11] be GRANTED, and that Petitioner's Application for a Writ of Habeas Corpus [1] be DENIED and his claims be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 12th of December, 2014.

s/ Michael T. Parker
United States Magistrate Judge

7